UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FLORO ESPINOSA and ANGELITA ESPINOSA, as joint tenants,<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK, a Business form unknown; FIRST AMERICAN TITLE INS. CO., a Business Entity, form unknown; and DOES 1-20, inclusive,<br><br>Defendants. | Case No:  C 10-04464 SBA<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The parties are presently before the Court on separate motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants First American Title Insurance Company ("First American") and California Reconveyance Company ("CRC"). (Dkt. 11, 19.)  Having read and considered the papers filed in connection with these motions, which are unopposed, and being fully informed, the Court hereby GRANTS the motions and dismisses the action.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.      **BACKGROUND**

Plaintiffs Floro Espinosa and Angelita Espinosa, acting pro se, filed the instant mortgage fraud action against Washington Mutual Bank, First American and CRC in this Court on October 4, 2010.  The Complaint alleges federal claims for violations of the Real Estate Settlement Procedures Act and the Truth in Lending Act, and various supplemental state law causes of action.

CRC and First American have filed motions to dismiss, which are noticed for hearing on February 8, 2011.[1]  Under Local Rule 7-3, any opposition or statement of non-opposition must be filed by no later than twenty-one days before the noticed hearing date.  As such, Plaintiffs' responses to the instant motions should have been filed by no later than January 18, 2011.  Paragraph 8 of the Court's Standing Orders expressly warns as follows: "**Effect of Failing to Oppose a Motion**:  The failure of the opposing party to timely file a memorandum of points and authorities in opposition to any motion or request shall constitute a consent to the granting of the motion."  Dkt. 18 at 3.  Notwithstanding the requirements of Civil Local Rule 7-3, and the Court's warning, Plaintiffs have filed nothing in response to Defendants' motions.  In addition, Plaintiffs have failed to comply with this Court's scheduling orders.

## II.     DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet  963 F.2d 1258, 1260 (9th Cir. 1992).  As such, the failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules is grounds for dismissal.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious

---

[1] The Court takes judicial notice of the fact that Defendant Washington Mutual Bank no longer exists, as it was seized by the Office of Thrift Supervision on September 25, 2008.  See www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf (last visited Jan. 28, 2011).  The Court may properly take judicial notice of the documents appearing on a governmental website.  See Cota v. Maxwell-Jolly, 688 F.Supp.2d 980, 998 (N.D. Cal. 2010).

1  resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983,
2  990 (9th Cir. 1999).  This is particularly true in the instant case, where Plaintiffs have failed
3  to prosecute this action by failing to comply with Court's Alternative Dispute Resolution
4  scheduling order (Dkt. 3) and case management scheduling order (Dkt. 18), and failing to
5  oppose the two pending motions to dismiss.
6        The second factor also militates in favor of dismissal.  See Pagtalunan, 291 F.3d at
7  642 ("It is incumbent upon the Court to manage its docket without being subject to routine
8  noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing
9  court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance
10 with a court's order diverts "valuable time that [the court] could have devoted to other
11 major and serious criminal and civil cases on its docket.").
12       The third factor, the risk of prejudice to the defendants, generally requires that "a
13 defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial
14 or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at,
15 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's
16 reason for defaulting." Id.  Here, Plaintiffs have offered no explanation for their failure to
17 respond nor is any apparent from the record.  These facts also weigh strongly in favor of
18 dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.
19       As to the fourth factor, the Court has already considered less drastic alternatives to
20 dismissal.  As noted, the Court's Standing Orders warn that as a consequence of a party's
21 failure to oppose a motion, the Court will construe such inaction as a consent to the
22 granting of the unopposed motion. "[A] district court's warning to a party that failure to
23 obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic
24 sanctions]' requirement." Ferdik, 963 F.2d at 1262.
25       The final factor, which favors disposition of cases on the merits, by definition,
26 weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of
27 cases on the merits.  Thus, this factor weighs against dismissal.").
28

## III. CONCLUSION

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of granting Defendants' unopposed motions and dismissing the action in its entirety. Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).  Accordingly,

IT IS HEREBY ORDERED THAT Defendants' unopposed motions to dismiss filed by First American and CRC are GRANTED, and the instant action is DISMISSED. The Clerk shall close the file and terminate all pending matters and deadlines.  The hearing scheduled for February 8, 2010, is VACATED.

IT IS SO ORDERED.

Dated:  January 31, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

   ESPINOSA ET AL et al,
4
              Plaintiff,
5
      v.
6
   WASHINGTON MUTUAL BANK ET AL et al,
7
              Defendant.
8                                              /

9
                                         Case Number: CV10-04464 SBA
10
                                         **CERTIFICATE OF SERVICE**
11

12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13
    That on January 31, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.
14

15

16

17
    Angelita Espinosa
18  2636 Carson Way
    Antioch, CA 94531
19
    Floro Espinosa
20  2636 Carson Way
    Antioch, CA 94531
21

22  Dated: January 31, 2011
                                        Richard W. Wieking, Clerk
23
                                              By: LISA R CLARK, Deputy Clerk
24

25

26

27

28